| Case No. | CV 11-5166 DSF (MRWx) | Date | 7/18/11 |
|---|---|---|---|
| Title | Cavalier Sportswear, Inc. v. Castlepoint National Insurance Company | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Defendants allege the Court has jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Notice of Removal ¶ 5.) Federal courts have diversity jurisdiction over a civil action if (1) the amount in controversy exceeds $75,000; and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a).

Defendants have not met their burden to establish this matter is between citizens of different states. Defendants Hartford Fire Insurance Company and Castlepoint National Insurance Company are corporations. (Notice of Removal ¶ 7.) Corporations are citizens of both their state of incorporation and the state in which their principal place of business is located. 28 U.S.C. § 1332(c)(1). Defendants failed to establish these parties' citizenship because they did not allege where either corporation has its principal place of business. (Notice of Removal ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS - 6
**MEMORANDUM**

      Because Defendants failed to establish the Court has diversity jurisdiction over this action, the Court REMANDS the case to the Superior Court of California, County of Los Angeles.

      IT IS SO ORDERED.